ACCEPTED
02-15-00212-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
11/17/2015 4:38:55 PM
DEBRA SPISAK
CLERK

**No. 02-15-00212-CV**

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
11/17/2015 4:38:55 PM
DEBRA SPISAK
Clerk

IN THE COURT OF APPEALS

FOR THE 2nd DISTRICT OF TEXAS

FORT WORTH, TEXAS

CHARLES MESHELL, Appellant

v.

Katherine A. Lippi, Appellee

**AMENDED APPENDIX**

On appeal from Cause Number CV-14-1368 in the
145th Judicial District Court of Parker County, Texas The
Honorable Roy Graham Quisenberry, presiding

Michael G. Maloney

Attorney at Law

State Bar No. 12883500

100 Austin Ave., Ste. 101

Weatherford, Texas 76086

Tel: (817) 341-1521

Fax: (817) 341-1536

Attorney for Appellant

# Appendix

Appendix A          Judgement

Appendix B          Plaintiff's Request for Findings of Fact and Conclusions of Law

Appendix C          Plaintiff's Proposed Findings of Fact and Conclusions of Law

Appendix D          Petitioner's Notice of Past Due Findings of Fact and Conclusions of Law

Appendix E          Findings of Fact and Conclusions of Law

Appendix F          Texas Family Code 2.401 (a) and (b)

Appendix G          Texas Family Code 4.002

Appendix H          Texas Family Code 4.003

Appendix I          Texas Family Code 4.104

Appendix J          Informal Marriage Agreement

# Appendix A



NO. CV14-1368

| | |
|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF<br><br>CHARLES FRED MESHELL<br>AND<br>KATHERINE ANTOINETTE LIPPI | §<br>§<br>§<br>§<br>§<br>§<br>§ IN THE DISTRICT COURT<br><br>415TH JUDICIAL DISTRICT<br><br>PARKE COUNTY, TEXAS |

## JUDGMENT ON PETITION FOR DIVORCE

On March 27, 2015, trial in the above-entitled and numbered cause was held on the issue of the existence of an informal marriage between Petitioner, Charles Fred Meshell, and Respondent, Katherine Antoinette Lippi.

Petitioner, CHARLES FRED MESHELL, appeared in person and through attorneys of record, Michael G. Maloney, and announced ready for trial.

Respondent, KATHERINE ANTOINETTE LIPPI, appeared in person and through attorney of record, D. Brent Murphree, and announced ready for trial.

No jury having been demanded, all questions of fact were submitted to the court.

The record of testimony was duly reported by the court reporter for the 415th Judicial District Court.

The Court, after considering the evidence presented and the arguments of counsel, finds that no formal or informal marriage exist between the Petitioner, CHARLES FRED MESHELL and the Respondent, KATHERINE ANTOINETTE LIPPI, and is of the opinion that Petitioner should take nothing by this suit.

THEREFORE, IT IS ADJUDGED AND DECREED that no formal or informal marriage exist between the Petitioner and Respondent.

IT IS FURTHER ORDERED by the Court that the Plaintiff take nothing by this suit and

that all costs of court are taxed against the Plaintiff, for which let execution issue.

All other relief not expressly granted in this judgment is denied.

PRONOUNCED AND RENDERED in court at Weatherford, Parker County, Texas, on March 30, 2015 and further noted on the court's docket sheet on the same date, but signed on June 2, 2015.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

D. BRENT MURPHREE
337 West Main Street
Azle, Texas 76020
Tel: (817) 270-0030
Fax: (817) 270-0085

By:_____
D. Brent Murphree
Attorney for Respondent
State Bar No. 14692250
fmlaw@earthlink.net

Judgment on Petition for Divorce, Cause No. CV14-1368, *Charles Maskell vs. Katherine A. Lippl,*     Page 2

118

# Appendix B

Filed: 6/8/2015 3:08:58 PM
Sharena Gilfiland
District Clerk
Parker County, Texas

Jason Nowak

NO. <u>CV14-1368</u>

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CHARLES FRED MESHELL | § | 415TH JUDICIAL DISTRICT |
| AND | § | |
| KATHERINE ANTOINETTE LIPPI | § | PARKER COUNTY, TEXAS |

### REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner, CHARLES FRED MESHELL, requests the Court to state in writing the findings of fact and conclusions of law as provided by rules 296 and 297 of the Texas Rules of Civil Procedure and section 6.711 of the Texas Family Code with respect to the Judgment on Petition for Divorce signed on June 2, 2015.

Without limitation, Petitioner, requests that the Court's findings and conclusions include—

1.      the disposition factors that denied the existence of an informal marriage.

Petitioner further requests that the clerk of the Court immediately call this request to the attention of the Court pursuant to rule 296 of the Texas Rules of Civil Procedure.

Petitioner further requests that the Court cause copies of its findings and conclusions to be transmitted to each party in the suit as required by rule 297 of the Texas Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICE OF MICHAEL G. MALONEY
100 Austin Ave., Ste. 101
Suite 1001
Weatherford, TX 76086
Tel: (817) 341-1529
Fax: (817) 341-1536

By: _____
Michael G. Maloney
State Bar No. 12883500
mikemaloneylaw@sbcglobal.net
Attorney for Petitioner

123

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on June 8, 2015.

_____
Michael G. Maloney
Attorney for Petitioner

Appendix C

Filed: 6/25/2015 10:08:12 AM
Sharena Gilliland
District Clerk
Parker County, Texas

Jason Nowak

NO. <u>CV14-1368</u>

| | |
|---|---|
| IN THE MATTER OF | § IN THE DISTRICT COURT |
| THE MARRIAGE OF | § |
| | § |
| CHARLES FRED MESHELL | § 415TH JUDICIAL DISTRICT |
| AND | § |
| KATHERINE ANTOINETTE LIPPI | § PARKER COUNTY, TEXAS |

## *PLAINTIFF*'S RESPONSE TO *PLAINTIFF*'S
## REQUEST FOR FINDINGS OF FACT & CONCLUSIONS OF LAW

*Plaintiff*, **Charles Meshell.**, files this response to *plaintiff*'s request for findings of fact and conclusions of law.

### INTRODUCTION

1. Plaintiff, Charles Meshell, sued defendant, Katherine Lippi, for *determination of an informal marriage.*

2. The Court signed a judgment on *June 2, 2015.*

### FINDINGS OF FACT & CONCLUSIONS OF LAW

3. *Plaintiff* attaches proposed findings of fact and conclusions of law to this response and asks that the Court sign and file them.

### PRAYER

4. For these reasons, *plaintiff* asks the Court to *file* findings of fact and conclusions of law.

MICHAEL G MALONEY
100 Austin Avenue Suite 101
Weatherford, Texas 76086
Tel: (817) 341-1529
Fax: (817) 341-1536

By: _____
Michael G. Maloney
State Bar No. 12883500
mikemaloneylaw@sbcglobal.net
Attorney for Petitioner

125

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following client by e-file and by fax to all counsel of record on this June 25, 2015.

Michael G. Maloney

*Proposed Findings of Fact*

1. Plaintiff Charles Meshell and defendant Katherine Lippi began cohabitating in October 17, 2005.

2. A Common Law Partner Agreement showing intent to be married document was drawn up and signed by both parties in December 25, 2005.

3. Ms. Lippi paid for Mr. Meshell's divorce. Ms. Lippi prepared Mr. Meshell's divorce papers

4. Mr. Meshell's divorce for his first marriage was not finalized until March 2006.

5. On July 17, 2006 the parties signed an Informal Marriage Agreement (the agreement).

6. That Informal Marriage Agreement stated they reside together at 5300 N. FM 51 Weatherford, Texas as husband and wife.

7. That agreement also stated that their marital cohabitation began July 4, 2006.

8. The agreement established the status, rights, ownership and division of properties and further fix the respective rights and liabilities between them.

9. Katherine Lippi took out a life insurance policy, 019201790L, on herself on July 20, 2009 and named Charles Meshell as the beneficiary and listed him as spouse.

10. Likewise, Charles Meshell took out a life insurance policy, 011784874L, on July 20, 2009 and named Katherine Lippi beneficiary and listed her as spouse.

11. Katherine Lippi signed a hand written authorization naming Charles Meshell, "my husband" and named him to represent her interests while she was in Europe between November 3, 2010 to November 20, 2010.

12. Evidence was admitted that showed an auto policy for the period September 25, 2011 to March 25, 2012 naming the insured Katherine Lippi and Charles Meshell whose address was PO Box 690, Springtown, TX 76082.

13. A notarized statement dated May 22, 2007 signed by Katherine Lippi acknowledged Charles Meshell as her husband and authorized agent to represent her at JP court from May 23, 2007 to May 30, 2007 a period in which she would be in Chicago.

14. Plaintiff produced checks showing the parties had joint accounts at Wells Fargo, account 9014569256, and Chase, account 854818325, banks with the same common addresses.

15. Plaintiff used the original signature of Ms. Lippi from her answers to interrogatories as an exemplar of her handwriting.

16. Based on the exemplar presented, the handwriting expert determined that all documents presented had a high probability of being Ms. Lippi's signature.

17. The drivers license of both parties showed the common address of 5300 N. FM51, Weatherford, TX 76085.

18. Per the agreement of between the parties, Mr. Meshell built a $300,000 home at 5300 N. FM51 Weatherford, TX where he and Ms. Lippi lived with her children.

19. Mr. Meshell provided the labor and material to build the home.

20. Ms. Lippi's daughter, testified that Mr. Meshell lived in the property built by him, in fact it was not controverted.

21. Mr. Meshell had a serious head injury that occurred on the property in May 2014 and was unable to take care of and maintain the property and such was of no use to Ms. Lippi.

22. Uncontroverted testimony that Ms. Lippi hired Sheryl Martin to look after Mr. Meshell's injury and also take on his duties of collecting the rent on the properties.

23. Testimony by three witnesses that Katherine and Charles referred to each other as husband and wife and two witnesses had personal knowledge of cohabitation at 5300 N. FM 51 Weatherford, TX.

24. It was uncontroverted that Mr. Meshell took care of the property and performed the duties of a maintenance man on the rental properties owned by the couple from 2006 through 2013.

25. After Mr. Meshell could no longer perform those duties, Ms. Lippi started a forcible detainer action in the County Court at Law Number Two of Parker County Texas in December 2014.

26. Ms. Lippi lied under oath in that court action when she said she lied on the notarized statement authorizing Mr. Meshell to represent her in JP court. Ms. Lippi lied in her testimony admitted committing perjury on sworn statement.

27. Mr. Meshell was ordered out of their home on FM 51 by the County Court at Law Number Two of Parker County Texas on December 12, 2014.

28. The original petition for divorce was filed on September 15, 2014 pro se.

29. The parties stopped living together in February 7, 2014.

### Conclusions of Law

1. This suit was timely filed within two years from the time the parties separated to overcome any presumption that there was no informal marriage.

2. All documents were signed by Katherine Lippi.

3. The document titled Informal Marriage Agreement does not meet the requirements of Family Code section 2.402 Declaration and Registration of Informal Marriage.

4. The document titled Informal Marriage Agreement is a binding contract signed by both parties as to its terms.

5. The document titled Common Law Partner Agreement dated 25 December 2005 has no legal liability because Charles Meshell was not divorced as of that date.

6. The document dated December 27, 2005, Plaintiff exhibit 15, has no legal liability as to marriage because Charles Meshell was married to another woman and the divorce was not final.

7. The document dated December 27, 2005, Plaintiff exhibit 15, does not violate the statute of frauds.

8. The document titled Informal Marriage Agreement, the document titled Common Law Partner Agreement, and the document dated December 27, 2005, Plaintiff exhibit 15, are consistent in intent to create a present, immediate, and permanent marital relationship and that they did in fact agree to be husband and wife, *Flores v. Flores*, 847 S.W. 2d 648, 650 (Tex.App—Waco 1993, writ denied) (citing O'Connors Family Code 2013-2014,P19).

9. The document titled Informal Marriage Agreement created a liability by Ms. Lippi in sharing what was separate property in seven parcels of real property. As in *Flores v. Flores*, 847 S.W. 2d 648, 652 (Tex.App—Waco 1993, writ denied) (citing O'Connors Family Code 2013-2014, P19).), A forthright assertion of marriage with the consequence of liability... may be far more probative of such an agreement.

10. The parties cohabited from October 2005 until February 2014 and cohabited as a married couple from July 2006 until February 2014.

11. The parties built a domicile together at 5300 FM51 Weatherford, Texas, had two joint bank accounts (Chase and Wells Fargo), each acquired life insurance policies naming the other party as spouse/beneficiary, purchased auto insurance together, and had the same common address on their drivers license. Those acts contribute to cohabitation, *Omodele v. Adams*. No. 14-01-00999-CV (Tex App.— Houston [14th Dist.]2003, no pet) (memo op; 1-16-03). And Holding out, *Estate of Claveria v. Claveria*, 615 S.W.2d 164,166 (Tex. 1981). To prove concept of

holding out, evidence must show couples behavior was intended as communications to third parties, not just intimate behavior in general. *Mills v. Mast*, 94 SW.3d 72, 75 (Tex. App.-- Houston [14th Dist.] 2002, pet denied). And in *Lee v. Lee*, 981 S.W. 2d 903,906 (Tex.App.—Houston [1st Dist.] 1998, no pet.) (Spoken words are not necessary to establish representation has H and W). (All cases citing O'Connors Family Code 2013-2014, P20).

12. There was adequate testimony from Meadows and Martin that they knew the parties a number of years and that they lived together and held themselves out as husband and wife and Ms. Gillam said Ms. Lippi held Charles as her husband.

# Appendix D

Filed: 7/1/2015 3:11:04 PM
Sharena Gilliland
District Clerk
Parker County, Texas

Jason Nowak

## NO. CV14-1368

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CHARLES FRED MESHELL | § | 415TH JUDICIAL DISTRICT |
| AND | § | |
| KATHERINE ANTOINETTE LIPPI | § | PARKER COUNTY, TEXAS |

### *PETITIONER*'S NOTICE OF PAST-DUE
### FINDINGS OF FACT & CONCLUSIONS OF LAW

*PETITIONER, Charles Meshell,* gives the Court notice that its findings of fact and conclusions of law are past due and asks the Court to file findings of fact and conclusions of law.

#### INTRODUCTION

1. Plaintiff, CHARLES MESHELL, sued defendant, KATHERINE A. LIPPI, for *divorce and finding of an informal marriage.*

2. The Court signed a judgment on *June 2, 2015.*

#### FIRST REQUEST

3. *PETITIONER* filed a timely request for findings of fact and conclusions of law on *June 08, 2015.*

4. The findings of fact and conclusions of law were due on *June 29, 2015,* 20 days after the request was filed. Tex. R. Civ. P. 297.

#### SECOND REQUEST

5. *PETITIONER* files this notice of past-due findings of fact and conclusions of law within 30 days after *his* original request.

6. This notice extends the date the findings of fact and conclusions of law are due until *July 20, 2015,* 40 days after the original request.

7. *PETITIONER* asks the Court to file findings of fact and conclusions of law and require the court clerk to mail copies to all parties, as required by Texas Rule of Civil Procedure 297.

131

Respectfully submitted,

LAW OFFICE OF MICHAEL G. MALONEY
100 Austin Ave., Ste. 101
Suite 101
Weatherford, TX 76086
Tel: (817) 341-1529
Fax: (817) 341-1536


By: _____
Michael G. Maloney
State Bar No. 12883500
mikemaloneylaw@sbcglobal.net
Attorney for Petitioner

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in

accordance with the Texas Rules of Civil Procedure on July 1, 2015.


_____
Michael G. Maloney
Attorney for Petitioner

# Appendix E

NO. CV14-1368

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN THE DISTRICT COURT |
| CHARLES FRED MESHELL<br>AND<br>KATHERINE ANTOINETTE LIPPI | §<br>§<br>§<br>§ | 415TH JUDICIAL DISTRICT<br><br>PARKE COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In response to the request of Petitioner, CHARLES FRED MESHELL, the Court makes and files the following as original Findings of Fact and Conclusions of Law in accordance with rules 296 and 297 of the Texas Rules of Civil Procedure.

### Findings of Fact:

1. There was no agreement between CHARLES FRED MESHELL, Petitioner, and KATHERINE ANTOINETTE LIPPI, Respondent, to enter into an informal marriage.

2. CHARLES FRED MESHELL, Petitioner, and KATHERINE ANTOINETTE LIPPI, Respondent, did not live together in this state as husband and wife.

3. CHARLES FRED MESHELL, Petitioner, and KATHERINE ANTOINETTE LIPPI, Respondent, did not consistently conduct themselves as husband and wife in the public eye.

4. CHARLES FRED MESHELL, Petitioner, and KATHERINE ANTOINETTE LIPPI, Respondent, did not have a reputation in the community for being married.

5. The three elements required for an informal marriage [i.e. man and woman agreed to be married; and after the agreement they lived together in this state as husband and wife; and there represented to others that they were married] never existed at the same time.

### Conclusions of Law:

1. No informal marriage existed between CHARLES FRED MESHELL, Petitioner, and KATHERINE ANTOINETTE LIPPI, Respondent.

SIGNED on _____July 7_____, 2015.



JUDGE PRESIDING

133

# Appendix F

## *Tex. Fam. Code § 2.401*

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-
234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576,
578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-820,
822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 10331036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-
1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

*Texas Statutes & Codes Annotated by LexisNexis® > Texas Family Code > Title 1 The Marriage Relationship > Subtitle A Marriage > Chapter 2 The Marriage Relationship > Subchapter E Marriage Without Formalities*

## Sec. 2.401. Proof of Informal Marriage.

(a) In a judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:

(1) a declaration of their marriage has been signed as provided by this subchapter; or

(2) the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

(b) If a proceeding in which a marriage is to be proved as provided by Subsection (a)(2) is not commenced before the second anniversary of the date on which the parties separated and ceased living together, it is rebuttably presumed that the parties did not enter into an agreement to be married. (c) A person under 18 years of age may not:

(1) be a party to an informal marriage; or

(2) execute a declaration of informal marriage under Section 2.402.

(d) A person may not be a party to an informal marriage or execute a declaration of an informal marriage if the person is presently married to a person who is not the other party to the informal marriage or declaration of an informal marriage, as applicable.

## History

Enacted by Acts 1997, 75th Leg., ch. 7 (S.B. 334), § *1*, effective April 17, 1997; am. Acts 1997, 75th Leg., ch. 1362 (H.B. 891), § *1*, effective September 1, 1997; am. Acts 2005, 79th Leg., ch. 268 (S.B. 6), § *4.12*, effective September 1, 2005.

Appendix F

**Annotations**

# Appendix G

# *Tex. Fam. Code § 4.002*

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-
234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-
576,
578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-
820,
822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 10331036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-
1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-
1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

*Texas Statutes & Codes Annotated by LexisNexis®* > *Texas Family Code* > *Title 1 The Marriage Relationship* > *Subtitle B Property Rights and Liabilities* > *Chapter 4 Premarital and Marital Property Agreements* > *Subchapter A Uniform Premarital Agreement Act* **Sec. 4.002. Formalities.**

A premarital agreement must be in writing and signed by both parties. The agreement is enforceable without consideration.

## History

Enacted by Acts 1997, 75th Leg., ch. 7 (S.B. 334), § *1*, effective April 17, 1997.

**Annotations**

## *Tex. Fam. Code § 4.003*

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-
234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576,
578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-820,
822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 10331036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-
1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

*Texas Statutes & Codes Annotated by LexisNexis® > Texas Family Code > Title 1 The Marriage Relationship > Subtitle B Property Rights and Liabilities > Chapter 4 Premarital and Marital*

*Property Agreements > Subchapter A Uniform Premarital Agreement Act* **Sec. 4.003.**

## Content.

(a) The parties to a premarital agreement may contract with respect to:

(1) the rights and obligations of each of the parties in any of the property of either or both of them whenever and wherever acquired or located;

(2) the right to buy, sell, use, transfer, exchange, abandon, lease, consume, expend, assign, create a security interest in, mortgage, encumber, dispose of, or otherwise manage and control property;

(3) the disposition of property on separation, marital dissolution, death, or the occurrence or nonoccurrence of any other event;

(4) the modification or elimination of spousal support;

(5) the making of a will, trust, or other arrangement to carry out the provisions of the agreement;

(6) the ownership rights in and disposition of the death benefit from a life insurance policy;

(7) the choice of law governing the construction of the agreement; and

**(8)** any other matter, including their personal rights and obligations, not in violation of public policy or a statute imposing a criminal penalty.

**(b)** The right of a child to support may not be adversely affected by a premarital agreement.

## History

Enacted by Acts 1997, 75th Leg., ch. 7 (S.B. 334), § *1*, effective April 17, 1997.

Appendix H

# Appendix I

## *Tex. Fam. Code § 4.104*

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-
234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-
576,
578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-
820,
822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 10331036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-
1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-
1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

*Texas Statutes & Codes Annotated by LexisNexis®* > *Texas Family Code* > *Title 1 The Marriage Relationship* > *Subtitle B Property Rights and Liabilities* > *Chapter 4 Premarital and Marital Property Agreements* > *Subchapter B Marital Property Agreement* **Sec. 4.104. Formalities.**

A partition or exchange agreement under Section 4.102 or an agreement under Section 4.103 must be in writing and signed by both parties. Either agreement is enforceable without consideration.

## History

Enacted by Acts 1997, 75th Leg., ch. 7 (S.B. 334), § *1*, effective April 17, 1997; am. Acts 2005, 79th Leg., ch. 477 (H.B. 202), § *2*, effective September 1, 2005.

# Appendix J

THIS AGREEMENT MADE IN TRIPLICATE THIS 17th day of July, 2006

BETWEEN:

**KATHERINE ANTOINETTE LIPPI**
of the City of Weatherford
in the State of Texas

- AND -

**CHARLES FRED MESHELL**
of the City of Weatherford
in the State of Texas

## INFORMAL MARRIAGE AGREEMENT

BACKGROUND

A. This Common Law Partner Agreement is made between KATHERINE ANTOINETTE LIPPI (hereinafter called "Katherine") and CHARLES FRED MESHELL (hereinafter called "Charles") who presently reside together at 5300 N FM 51 Duplex, Weatherford Texas 76085 as husband and wife.

B. The parties' confessed their love for each other, and marital cohabitation began on approximately July 4, 2006. Our friends and family, clients and business associates know that we love each other and are living together as husband and wife.

C. The parties wish to enter into this agreement to provide for the status, ownership, and division of property between them, including future property owned or to be acquired by either or both of them;

D. The parties further wish to affix their respective rights and liabilities that may result from this relationship;

E. The parties recognize the possibility of unhappy differences that may arise between them. Accordingly, the parties desire that the distribution of any property that either or both of them may own will be governed by the terms of this Agreement and, insofar as the statutory or case law permits, intend that any statutes that may apply to them, either by virtue of Federal or State legislation, will not apply to them.

F. The parties acknowledge that neither is under any duress or undue influence of the other, and that they are voluntarily entering into this agreement.

G. The parties have disclosed to the satisfaction of each of them all assets and liabilities that each may have.

PLAINTIFF'S
EXHIBIT

I

**NOW THEREFORE** in consideration of the upcoming marital arrangement, and in consideration of the mutual promises and covenants contained in this Agreement, the parties agree as follows:

PROPERTY

1. The separate property owned by each party at the execution of this Agreement, however and whenever acquired, will be owned and managed solely by such party at all times and will remain the separate property of such party after the execution of this Agreement, with no claim by the other party upon separation or otherwise.

2. Unless a particular piece of property is explicitly documented as being owned by both parties, the following types of property will not be deemed as shared property:

   a. any property acquired by a party by gift from the other party;
   b. any property acquired by a party by gift from a third party;
   c. any property acquired by a party through an inheritance;
   d. any winnings from any sport, game or lottery;
   e. any award or settlement acquired from a lawsuit;
   f. any proceeds from an insurance policy;
   g. any earnings, salary or wage, acquired before or after the execution of this Agreement;
   h. any savings acquired before or after the execution of this Agreement; and
   i. The properties specified below are shared as Community Property with the agreement that Charles will be responsible for the physical Property Management, and Katherine will maintain accurate bookkeeping and financial records of the joint income or proceeds derived from said nine (9) properties.

3. Except as otherwise provided in this Agreement, such property as is listed in **Schedule "A"** attached hereto will be and remain the property of both parties.

4. In the event of the parties separating, or upon the death of a party, any jointly-acquired or jointly-held property will be deemed to be owned in accordance with the proportion of each party's investment, unless the parties otherwise agree in writing.

5. Nothing in this agreement will prevent or invalidate any gift, or transfer for value, from one party to the other of present or future property provided such gift or transfer is evidenced in writing signed by both parties.

6. Unless a party can reasonably show that he or she solely owns a piece of property, where either party commingles jointly owned property with separate property, any commingled property shall be presumed to be jointly-owned property of the parties.

DEBTS

7. The separate debts owing by each party at the execution of this Agreement, however and whenever acquired, will be owed solely by such party at all times and will remain the separate debts of such party after the execution of this Agreement, with no financial obligations owing by the other party upon separation or otherwise.

8. The parties hereby acknowledge that with respect to any determination of responsibility of debts that may occur in the event of the parties separating, all debts will be treated as separate debts owed solely by one party unless there is proof of joint financial obligations.

9. Unless a particular debt is documented as being owed by both parties, the following types of debts will not be deemed as shared debts:

   a. any debts already owing by one party at the date of execution of this Agreement; and

   b. any debts incurred by one party during cohabitation.

10. The shared debts owed by both parties at the execution of this Agreement, however and whenever acquired, will be owed by both parties at all times and will remain the debts of both parties after the execution of this Agreement.

11. In the event of a separation, any jointly-acquired or jointly-held debts will be apportioned in the following manner:

   Each party will be responsible for all debts incurred in their own name and signature.

CHILDREN

12. The parties acknowledge that Katherine Antoinette Lippi has dependent children from a previous relationship, namely:

   1. David Cipriano Lippi born November 11, 1986
   2. Giulietta Antoinette Lippi born February 9, 1988
   3. Angelo Eugene Lippi born June 26, 1989

13. The parties further acknowledge that in the event of a separation, any rights and obligations of the parties relating to the children of Katherine Antoinette Lippi from a previous relationship, including the issues of child support, custody and access, will be retained by Kathrine exclusively and will be governed by Federal laws and/or the laws of the State of Texas.

14. The parties recognize the authority of the court to determine what arrangements are in the best interests of the children.

SUPPORT

15. The parties agree that the investment of time or labor with respect to personal service in the property of the other, or otherwise, will be deemed to have been made in agreement to Section 2. (i), and with expectation and right of compensation.

16. It is the intention of the parties to forever release each other from any alimony or support obligations now and in the future no matter how their circumstances may change. They will not apply now or in the future under any Federal or State legislation for support. They each waive any rights they may have to proceed against the other under any law or

statute for payments of alimony or support and rely upon the law of contract to govern in respect of this issue.

17. The parties realize that their respective financial circumstances may be altered in the future by changes in their health, the cost of living, their employment, their marital status, the breakdown of their relationship, or otherwise. No such changes will give either party the right to seek support under any legislation, Federal or State. It is understood by each party that this Agreement represents a final disposition of all maintenance and support issues between them.

## SEVERABILITY

18. Should any portion of this Agreement be held by a court of law to be invalid, unenforceable, or void, such holding will not have the effect of invalidating or voiding the remainder of this Agreement, and the parties agree that the portion so held to be invalid, unenforceable, or void, will be deemed amended, reduced in scope, or otherwise stricken only to the extent required for purposes of validity and enforcement in the jurisdiction of such holding.

## INTENTION OF THE PARTIES

19. Notwithstanding that the parties acknowledge and agree that their circumstances at the execution of this Agreement may change for many reasons, including but without limiting the generality of the foregoing, the passage of years, it is nonetheless their intention to be bound strictly by the terms of this Agreement at all times.

## DUTY OF GOOD FAITH

20. This Agreement creates a fiduciary relationship between the parties in which each party agrees to act with the utmost of good faith and fair dealing toward the other in all aspects of this Agreement. Charles accepting the obligation and responsibility of the maintenance and upkeep and improvement of all the properties as listed in Schedule "A" and Katherine accepting the obligation and responsibility for all bookkeeping, reporting and timely filing of all required reports, taxes, etc., maintaining proper records, Bank Accounts, Retirement Funds, both Personal and Business

## FURTHER DOCUMENTATION

21. The parties agree to provide and execute such further documentation as may be reasonably required to give full force and effect to each term of this Agreement.

## TITLE/HEADINGS

22. The headings of this Agreement form no part of it, and will be deemed to have been inserted for convenience only.

ENUREMENT

23. This Agreement will be binding upon and will enure to the benefit of the parties, their respective heirs, executors, administrators, and assigns.

GOVERNING LAW

24. The laws of the State of Texas will govern the interpretation of this agreement, and the status, ownership, and division of property between the parties wherever either or both of them may from time to time reside.

TERMINATION OR AMENDMENT

25. This Agreement may only be terminated or amended by the parties in writing signed by both of them.

26. This agreement supersedes and cancels the previous agreement dated December 27, 2005 due to the Divorce of Charles F. Meshell and Ronay Meshell dated March 26, 2006 and required waiting period.

The parties hereby execute this agreement on the day and year first written above.

Charles Fred Meshell

Katherine Antoinette Lippi

## SCHEDULE "A"

Shared Property:

1. 1546 Rogers Rd Newark, TX 76071
2. 1544 Rogers Rd Newark, TX 76071
3. 5300 N FM 51 Weatherford, TX 76085
4. 528 Stonegate Dr. Paradise. TX 76073
5. 548A Stonegate Dr. Paradise. TX 76073
6. 640 Stonegate Dr. Paradise. TX 76073
7. 711 Thompson Rd, Lake Dallas, TX 75065
8. 253 E. Round Grove Rd, Lewisville, TX 75067
9. 255B East Round Grove Rd. Lewisville. TX 75067